UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR RAY DEERE, Sr., | No. 2:16-cv-1694 DB P |
| Plaintiff, | |
| v. | ORDER |
| UNKNOWN CDC EMPLOYEES, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action under 42 U.S.C. § 1983.  Plaintiff's complaint is before the court for screening.  In his complaint, plaintiff alleges the air quality at Mule Creek State Prison ("MCSP") was so poor that it worsened his Chronic Obstructive Pulmonary Disease ("COPD") and his overall health.  For the reasons set forth below, the court grants plaintiff's application to proceed in forma pauperis and dismisses his complaint with leave to amend.

**IN FORMA PAUPERIS**

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

1

the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## SCREENING

### I.     Legal Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the

allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**II.    Allegations of the Complaint**

Plaintiff alleges that he suffered worsening of his COPD and other health problems due to the poor air quality in his cell and in the day room at MCSP.[1]  Plaintiff identifies as defendants "Unknown CDC Employees" and the Prison Law Office ("PLO").  Plaintiff states that he is uncertain who to name in the prison system and asks whether the governor, director of the

---

[1] According to notices filed by plaintiff on February 27, 2017, he is currently incarcerated at the California Institution for Men in Chino.  (ECF Nos. 10, 11.)

3

California Department of Corrections and Rehabilitation ("CDCR"), or warden are proper defendants. Plaintiff states that he has named the PLO because, as counsel for the plaintiff class in Plata v. Brown, the PLO had an obligation to bring the air quality problems at MCSP to the attention of the courts.

For relief, plaintiff seeks injunctive relief in the form of: (1) an order requiring MCSP to be compliant with federal air quality standards; (2) a 30-day monitor of MCSP for "water, air, medical, food service areas;" and (3) the assignment of new attorneys for the Plata plaintiffs. Plaintiff also states that the court should decide if plaintiff is due damages.

### III.  Does Plaintiff State a Cognizable Claim?

#### A. Unidentified Defendants

There is no provision in the Federal Rules of Civil Procedure for including unnamed defendants, also called "Doe" defendants, in a complaint. The use of Does in pleading practice is generally disfavored – but it is not prohibited. See Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980); Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999); Lopes v. Viera, 543 F. Supp.2d 1149, 1152 (E.D. Cal. 2008). However, plaintiff must allege facts showing when, where, and how each Doe defendant violated his constitutional rights. See Addis v. Ariz. Dept. of Corrs., No. CV14-1115-PHX-DGC, 2015 WL 875233, at *3 (D. Ariz. Mar. 2, 2015). Under Section 1983, plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. See Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell, 436 U.S. at 691, 695.

Plaintiff fails to identify any specific action, or inaction, by any specific unnamed defendant. Plaintiff fails to plead facts supporting a claim that he was exposed to a known risk, that a defendant knowingly and purposefully declined to act to prevent his exposure to it, and that such a failure caused actual harm to plaintiff. Plaintiff will be given leave to amend his complaint to specify what defendants have done.

////

////

### B. Prison Law Office

Plaintiff contends the PLO is not properly representing the plaintiffs in the Plata v. Brown class action. The Plata class action deals with the constitutional adequacy of CDCR's inmate medical health care, and the class consists of "all prisoners in the custody of the [CDCR] with serous medical needs." See Lopez v. Ndoh, No. 16-cv-0011-AWI-JLT, 2016 WL 3418432, at *1 (E.D. Cal. June 22, 2016) (citing Stip. for Inj. Relief 5, No. 24, No. 01-cv-01351 THE (N.D. Cal.)). Plaintiff's claim against the PLO is not cognizable in this case.

To the extent plaintiff is seeking rights under the remedial order issued in Plata, plaintiff does not indicate that he is, in fact, a member of the Plata class. Moreover, it is well-settled that the remedial order issued in Plata does not provide an independent cause of action under § 1983 as the order does not create or expand on a plaintiff's constitutional rights. Coleman v. CDCR, No. 09-cv-02192-SKO PC, 2011 WL 2619569, at *4 (E.D. Cal. July 1, 2011) (citing Cagle v. Sutherland, 334 F.3d 980, 986-87 (9th Cir. 2003) (consent decrees often go beyond constitutional minimum requirements, and do not create or expand rights)); see also Green v. McKaskle, 788 F.2d 1116, 1123 (5th Cir. 1986) (remedial decrees remedy constitutional violations but do not create or enlarge constitutional rights and cannot serve as a substantive basis for damages). Finally, if plaintiff has concerns about the actions of class counsel in Plata, he should express those concerns to the class representative or court in that case.

Plaintiff's claims against the PLO will be dismissed without leave to amend because, as stated above, plaintiff has no viable claim here against the PLO for enforcement of the Plata remedial order. See Hartmann v. Cal. Dept. of Corrs. and Rehab., 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile."); Jones v. Bernanke, 685 F. Supp. 2d 31, 35 (D. D.C. 2010).

### C. Legal Claim

Plaintiff appears to be alleging that the conditions of his confinement constituted cruel and unusual punishment, a violation of his Eighth Amendment rights. "[A] prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to

1  take reasonable measures to abate it." Farmer v. Brennan, 511 U.S. 825, 847 (1994). To state a
2  claim for threats to safety, an inmate must allege facts to support that he was incarcerated under
3  conditions posing a substantial risk of harm and that prison officials were "deliberately
4  indifferent" to those risks. Id. at 834; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). To
5  adequately allege deliberate indifference, a plaintiff must set forth facts to support that a
6  defendant knew of, but disregarded, an excessive risk to inmate safety. Farmer, 511 U.S. at 837.
7  That is, "the official must both be aware of facts from which the inference could be drawn that a
8  substantial risk of serious harm exists, and he must also draw the inference." Id.

Plaintiff's complaint currently identifies no conduct by any defendant that states a claim under this Eighth Amendment standard. Plaintiff must identify at least one person who was aware of the air quality problems plaintiff alleges, knew those air quality issues could or did affect inmate health, had the authority to take action to remedy the problem, and failed to take that action. Plaintiff will be given an opportunity to amend his complaint to identify defendants and state a cognizable Eighth Amendment claim.

**D. Relief Sought**

Because plaintiff is no longer incarcerated at MCSP, his requests for injunctive relief will be dismissed as moot. Dilley v. Gunn, 64 F.3d 1365, 1368 (9th Cir. 1995) (citing Preiser v. Newkirk, 422 U.S. 395, 402-03 (1975)). Plaintiff has not specifically sought damages. If he wishes to proceed with this action, and if plaintiff believes he is entitled to compensatory or punitive damages as a result of the alleged violation of his constitutional rights, he should so state in a clear fashion in the space provided on the form complaint and indicate the specific amount in damages that he seeks.

**IV.   Conclusion**

Plaintiff's complaint will be dismissed with leave to amend. Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. Therefore, plaintiff's attachments to his fourth amended complaint were not considered part of his claims. If plaintiff

wishes to add a claim, he must include it in the body of the complaint. The charging allegations must be set forth in the amended complaint so defendants have fair notice of the claims plaintiff is presenting. That said, plaintiff need not provide every detailed fact in support of his claims. Rather, plaintiff should provide a short, plain statement of each claim. See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

An amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. R. 220. Once plaintiff files an amended complaint, the original pleading is superseded.

By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

////

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is granted.
2. Plaintiff's claims against the Prison Law Office are dismissed without leave to amend; in all other respects, plaintiff's complaint (ECF No. 1) is dismissed with leave to amend.
3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint." Plaintiff must file an original and two copies of the amended complaint. Failure to file an amended complaint in accordance with this order may result in dismissal of this action.
4. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

Dated: March 27, 2017

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-civil rights/deer1694.scrn