UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR RAY DEERE, Sr., | No. 2:16-cv-1694 DB P |
| Plaintiff, | |
| v. | ORDER |
| UNKNOWN CDC EMPLOYEES, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action under 42 U.S.C. § 1983. Plaintiff's first amended complaint is before the court for screening. In his complaint, plaintiff alleges the air quality at Mule Creek State Prison ("MCSP") was so poor that it worsened his Chronic Obstructive Pulmonary Disease ("COPD") and his overall health. Plaintiff also complains that he was celled with another inmate in a single cell. For the reasons set forth below, the court finds plaintiff has stated a potentially cognizable Eighth Amendment claim based on air quality but has not stated a claim based on being celled with another inmate. Plaintiff will be given an opportunity to amend his complaint.

**BACKGROUND**

Plaintiff filed his original complaint on April 8, 2016. (ECF No. 1.) Plaintiff alleged that he suffered worsening of his COPD and other health problems due to the poor air quality in his cell and in the day room at MCSP. Plaintiff identified as defendants "Unknown CDC

1

Employees" and the Prison Law Office ("PLO"). Plaintiff sought injunctive relief in the form of: (1) an order requiring MCSP to be compliant with federal air quality standards; (2) a 30-day monitor of MCSP for "water, air, medical, food service areas;" and (3) the assignment of new attorneys for the plaintiff class in Plata v. Brown.[1]

On screening, the court found plaintiff failed to allege cognizable claims for relief and informed plaintiff that he must identify at least one person who was aware of the air quality problems plaintiff alleged, knew those air quality issues could or did affect inmate health, had the authority to take action to remedy the problem, and failed to take that action. The court also informed plaintiff that his requests for injunctive relief were moot because he is no longer incarcerated at MCSP. (Mar. 28, 2017 Order (ECF No. 12) at 6.) The court dismissed the complaint with leave to amend.

On April 24, plaintiff filed a first amended complaint. (ECF No. 15.)

**SCREENING**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

In the first amended complaint, plaintiff identifies one defendant: Warden Joe Lizarraga. Plaintiff contends defendant Lizarraga was aware that plaintiff was a "high risk medical inmate with cronic COPD and emphysema" but nonetheless exposed plaintiff to "hazardous materials such as dust," "irritating pollens," and "asbestos generated by rock crushing quarries in the area." (ECF No. 15 at 4.) Plaintiff contends the air circulation and filtering systems at MCSP were

---

[1] The Plata class action deals with the constitutional adequacy of the California Department of Corrections and Rehabilitation's ("CDCR") inmate medical health care, and the class consists of "all prisoners in the custody of the [CDCR] with serious medical needs." See Lopez v. Ndoh, No. 16-cv-0011-AWI-JLT, 2016 WL 3418432, at *1 (E.D. Cal. June 22, 2016) (citing Stip. for Inj. Relief 5, No. 24, No. 01-cv-01351 THE (N.D. Cal.)).

2

inadequate. Plaintiff alleges he suffered daily asthma attacks and constant stress that aggravated his heart condition and that his lung condition worsened. Plaintiff also complains that he was double celled in a cell designed for one inmate. He seeks compensatory and punitive damages, and an order requiring he be placed in a single cell permanently.

Plaintiff's allegations that defendant Lizarraga was aware of plaintiff's health conditions and the poor air quality and failed to remedy the problem state a potentially cognizable claim that defendant Lizarraga was deliberately indifferent to plaintiff's serious medical needs in violation of the Eighth Amendment. See Farmer v. Brennan, 511 U.S. 825, 847 (1994) ("[A] prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it.").

Plaintiff has not, however, stated any sort of claim regarding his placement in a single cell with another inmate. Plaintiff does not show defendant was even aware of that placement, much less that he was deliberately indifferent to a substantial risk of serious harm to plaintiff. Nor has plaintiff shown that being celled with another inmate caused him any harm. Overcrowding by itself is not a constitutional violation, Doty v. County of Lassen, 37 F.3d 540, 545 n.1 (9th Cir. 1994), and the denial of single cell status by itself does not rise to the level of an Eighth Amendment violation, Rhodes v. Chapman, 452 U.S. 337 (1981).

Plaintiff will be given another opportunity to amend his complaint to attempt to state a cognizable claim based on being celled with another inmate. Plaintiff is reminded that any amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. R. 220. Once plaintiff files an amended complaint, any prior pleadings are superseded.

Plaintiff is advised that he need not amend his complaint. If he chooses not to do so, this case will proceed on his Eighth Amendment claim against defendant Lizarraga for exposure to poor air quality.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal

3

| | |
|---|---|
| 1 | Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint |
| 2 | must bear the docket number assigned this case and must be labeled "Second |
| 3 | Amended Complaint." Plaintiff must file an original and two copies of the amended |
| 4 | complaint. If plaintiff does not file an amended complaint in accordance with this |
| 5 | order, this case will proceed on plaintiff's Eighth Amendment claim regarding poor air |
| 6 | quality against defendant Lizarraga. |

2. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

Dated: June 15, 2017

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-civil rights/deer1694.FAC scrn