UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR RAY DEERE, Sr., | No. 2:16-cv-1694 DB P |
| Plaintiff, | |
| v. | ORDER |
| JOE LIZARRAGA, , | |
| Defendant. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action under 42 U.S.C. § 1983. Plaintiff alleges the air quality at Mule Creek State Prison ("MCSP") was so poor that it worsened his Chronic Obstructive Pulmonary Disease ("COPD") and his overall health. Before the court are two motions. Plaintiff seeks "whistleblower protection" for a prison employee witness. (ECF No. 33.) In addition, plaintiff moves to re-open discovery. (ECF No. 34.) For the reasons set forth below, the court will deny plaintiff's motion for whistleblower protection and grant plaintiff's motion to re-open discovery.

**BACKGROUND**

Plaintiff is currently incarcerated at the California Institution for Men. This case is proceeding on the Eighth Amendment claim in plaintiff's second amended complaint. (ECF No. 19.) Plaintiff's allegations involve conduct that occurred when he was incarcerated at MCSP. Plaintiff alleges defendant Lizarraga, the warden at MCSP, was aware that plaintiff was a high

1

1 | risk medical inmate with chronic COPD and emphysema but nonetheless exposed plaintiff to
2 | hazardous materials, including dust, pollens, and asbestos.  Plaintiff alleges he suffered daily
3 | asthma attacks and constant stress that aggravated his heart condition and that his lung condition
4 | worsened.  The court found these allegations sufficient to state a claim that defendant was
5 | deliberately indifferent to plaintiff's serious medical needs in violation of the Eighth Amendment.
6 | (See ECF No. 21.)

On February 28, 2018, defendant filed an answer.  (ECF No. 28.)  On March 1, the court issued a Discovery and Scheduling Order, which set deadlines of June 22, 2018 for discovery and September 14, 2018 for pretrial motions.  (ECF No. 29.)  On July 13, 2018, plaintiff filed the present motions.  Each is addressed below.

## MOTION FOR WHISTLEBLOWER PROTECTION

Plaintiff states that he is seeking a court order granting "whistleblower protection" to an employee of the California Department of Corrections and Rehabilitation ("CDCR") who, plaintiff alleges, informed plaintiff about air-borne asbestos generated by a rock quarry near MCSP.  (ECF No. 33.)  Plaintiff contends whistleblower protection is necessary because defendant "could and would retaliate against this employee."  Plaintiff asks the court to order defendant to refrain from questioning this witness before trial.  Plaintiff also appears to seek permission to withhold this witness's name until trial.  (Id. at 3.)

Defendant argues that state and federal whistleblower laws provide protections for employees and those protections must be sought by the employees.  (ECF No. 36.)  Defendant is correct.  California's Whistleblower Protection Act provides for a cause of action by an employee who suffered an adverse employment action as a result of protected activity.  See Robles v. Agreserves, Inc., 158 F. Supp. 3d 952, 1007-08 (E.D. Cal. 2016); Cal. Lab. Code § 1102.5(b). Similarly, the whistleblower protections contained in the federal Clean Air Act and Toxic Substances Control Act provide for actions by employees against employers who have retaliated against them.  See 42 U.S.C. § 7622(b)(1) (Clean Air Act); 42 U.S.C. § 2622(b)(1) (Toxic Substances Act).  Additionally, plaintiff lacks standing to seek whistleblower protection for a third party CDCR employee.

Plaintiff's motion can also be construed as seeking a protective order preventing defendant from contacting this witness prior to any trial and, possibly, to allow plaintiff to refuse to identify the witness before trial. In opposing the motion, defendant relies on the standards for issuance of a protective order during discovery under Federal Rule of Civil Procedure 26. However, this issue is not arising during discovery so Rule 26 is not applicable.

Rather, the court appears to have discretionary authority to issue a protective order upon a showing of good cause to prevent interference with a potential witness, Disability Rights New Jersey, Inc. v. Velez, Civ. No. 10-3950(DRD), 2011 WL 2937355, at *4 (D. N.J. July 19, 2011), or because a witness fears retaliation, Ben David v. Travisono, 495 F.2d 562, 564 (1st Cir. 1974) (protective order may be appropriate where witness faces a reasonable fear of retaliation).[1] To show good cause, a plaintiff must present evidence of conduct that would give rise to a reasonable fear of interference with a witness. Velez, 2011 WL 2937355, at *5; Adams v. NaphCare, Inc., No. 2:16-cv-229, 2016 WL 10492102, at *10 (E.D. Va. July 25, 2016), rep. and reco. adopted, 2016 WL 4618894 (E.D. Va. Sept. 6, 2016). A plaintiff may also be required to show that the court's factfinding "may be materially impaired unless a protective order is entered." Adams, 2016 WL 10492102, at *10.

In the present case, plaintiff provides no basis for this court to find that the unnamed CDCR employee would face retaliation or any sort of harassment if he were to be identified as a witness in this case. The court finds no basis for issuance of the protective order plaintiff seeks.

**MOTION TO RE-OPEN DISCOVERY**

In his second motion, plaintiff seeks to re-open discovery. In the March 1, 2018 order, the court set a discovery deadline of June 22. That order informed the parties that "[a]ll requests for discovery . . . shall be served not later than sixty days prior to" the discovery deadline. That means plaintiff must have served his discovery by April 23, 2018 to be timely.

---

[1] In Memphis Invest., GP v. Waite, No. 2:13-cv-1282-JAD-NJK, 2014 WL 547962, at *5 (D. Nev. Feb. 11, 2014), the court found that such a protective order required a showing of entitlement to a preliminary injunction, a higher standard than good cause. Because this court finds plaintiff fails to meet even a good cause standard, his motion would also fail under a preliminary injunction standard.

3

Plaintiff seeks to re-open discovery because he mistakenly thought he had until June 22 to serve discovery requests. (ECF No. 34 at 1-2.) He served interrogatories on defendant on May 21, 2018. (See id. at 4.) Defendant served his response on July 3, in which he objected to all interrogatories as untimely. (See id. at 7-10.) Pursuant to the mailbox rule, plaintiff filed this motion on July 9 when he placed it in the prison mail. (See id. at 12.)

Modification of a scheduling order requires a showing of good cause. Fed. R. Civ. P. 16(b)(4). Given plaintiff's pro se status, and his timely filing of this motion shortly after he received defendant's response to his interrogatories, the court finds plaintiff's mistake justifies a finding of good cause to modify the scheduling order. Accordingly, the court will extend the discovery deadline so that plaintiff's interrogatories will be considered timely.

For the reasons set forth above, and good cause appearing, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion for whistleblower protection (ECF No. 33) is denied.
2. Plaintiff's motion to re-open discovery (ECF No. 34) is granted. The discovery deadline, which includes any motions to compel discovery, is continued to October 8, 2018. The deadline for other pretrial motions is continued to December 15, 2018.
3. The interrogatories served by plaintiff on May 21, 2018 shall be deemed re-served as of the date of this order. Defendant shall serve a response to those interrogatories within thirty days of the date of this order.

Dated: August 21, 2018

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB/prisoner-civil rights/deer1694.whistle

4