# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

ARTHUR RAY DEERE, Sr.,

Plaintiff,

v.

JOE LIZARRAGA, ,

Defendant.

No. 2:16-cv-1694 DB P

ORDER

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action under 42 U.S.C. § 1983. Plaintiff alleges the air quality at Mule Creek State Prison ("MCSP") was so poor that it worsened his Chronic Obstructive Pulmonary Disease ("COPD") and his overall health. Before the court are three motions filed by plaintiff: a motion for the court to order evidence testing, a motion to compel discovery responses, and a motion for a fee waiver. For the reasons set forth below, the court will deny each motion.

**BACKGROUND**

Plaintiff is currently incarcerated at the California Institution for Men. This case is proceeding on the Eighth Amendment claim in plaintiff's second amended complaint. (ECF No. 19.) Plaintiff alleges defendant Lizarraga, the warden at MCSP, was aware that plaintiff was a high risk medical inmate with chronic COPD and emphysema but nonetheless exposed plaintiff to hazardous materials, including dust, pollens, and asbestos. Plaintiff alleges he suffered daily

asthma attacks and constant stress that aggravated his heart condition and that his lung condition worsened. The court found these allegations sufficient to state a claim that defendant was deliberately indifferent to plaintiff's serious medical needs in violation of the Eighth Amendment. (See ECF No. 21.)

On February 28, 2018, defendant filed an answer. (ECF No. 28.) On March 1, the court issued a Discovery and Scheduling Order, which set deadlines of June 22, 2018 for discovery and September 14, 2018 for pretrial motions. (ECF No. 29.) On August 21, 2018, the court granted plaintiff's motion to re-open discovery and set new deadlines of October 8, 2018 for discovery and December 15, 2018 for pretrial motions. In addition, the court ordered defendants to respond to plaintiff's interrogatories. (ECF No. 39.)

On August 21, plaintiff filed a motion asking the court to have a sample of pollutants he submitted tested. (ECF No. 40). Defendant opposes the motion. (ECF No. 43.) Plaintiff filed a reply. (ECF No. 45.) He then filed a motion to compel on September 24. (ECF No. 44.) Defendant filed an opposition to this motion as well. (ECF No. 49.) Finally, on October 2, plaintiff filed a motion for a fee waiver. (ECF No. 44.)

## MOTION FOR TESTING

In his first motion, plaintiff asks the court to order the Environmental Protection Agency ("EPA") to test a sample of pollutants he removed from the exit vent of his cell at MCSP. (ECF No. 40.) He also appears to ask, in the alternative, that defendant be ordered to test the sample and share the results. (Id. at 3.) Plaintiff is not restricted from paying for and obtaining such testing to preserve evidence on his own. Such efforts are not available under 28 U.S.C. § 1915 as part of plaintiff's in forma pauperis status. See Hannah v. United States, 523 F.3d 597, 601 (5th Cir. 2008); Dixon v. Ylst, 990 F.2d 478, 480 (9th Cir. 1993).

The court finds the testing sought parallel to a request for expert assistance under Federal Rule of Evidence 706. Rule 706 is not a meant to provide an avenue to avoid the in forma pauperis statute and its prohibition against using public funds to pay for the expenses of witnesses. See Gonzales v. Podsakoff, No. 1:15-cv-0924-SKO (PC), 2016 WL 3090590, at *2 (E.D. Cal. June 1, 2016); Manriquez v. Huchins, No. 1:09-cv-0456-LJO-BAM PC, 2012 WL

2

5880431, at *12 (E.D. Cal. Nov. 21, 2012). Nor does Rule 706 contemplate court appointment and compensation of an expert witness as an advocate for plaintiff. Gorton v. Todd, 793 F. Supp. 2d 1171, 1184 n. 11 (E.D. Cal. 2011); Faletogo v. Moya, No. 12cv631 GPC (WMc), 2013 WL 524037, at *2 (S.D. Cal. Feb. 23, 2013). While Rule 706 does permit the court to appoint a neutral expert to assist the court in resolving a "serious dispute," the court finds no such dispute before it at this time. Gorton, 793 F. Supp. 2d at 1181. If, later in this case, plaintiff presents "some evidence" that demonstrates a "serious dispute that could be resolved or understood through expert testimony," the court will consider appointment of a neutral expert. Id.

# MOTION TO COMPEL

Plaintiff asks the court to compel defendant to "comply with discovery." (ECF No. 44.) He argues that defendant's responses have been evasive. Specifically, he points to (1) defendant's counsel's statement in a letter that defendant cannot produce an environmental impact report on MCSP; and (2) defendant's counsel's statement that he cannot test the sample plaintiff provided him.

**I.     Legal Standards**

Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). The court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4). "District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'" Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (quoting Avila v. Willits Envtl. Remediation Trust, 633 F.3d 828, 833 (9th Cir. 2011)).

The party moving to compel bears the burden of informing the court (1) which discovery requests are the subject of the motion to compel, (2) which of the responses are disputed, (3) why the party believes the response is deficient, (4) why any objections are not justified, and (5) why the information sought through discovery is relevant to the prosecution of this action. McCoy v. Ramirez, No. 1:13-cv-1808-MJS (PC), 2016 WL 3196738, at *1 (E.D. Cal. June 9, 2016); Ellis v. Cambra, No. 1:02-cv-5646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008).

1 | The reach of Rule 34 of the Federal Rules of Civil Procedure, which governs requests for
2 | production, "extends to all relevant documents, tangible things, and entry upon designated land or
3 | other property." Clark v. Vega Wholesale Inc., 181 F.R.D. 470, 472-73 (D. Nev. 1998) (citing
4 | 8A C. Wright & A. Miller, Federal Practice and Procedure § 2206, at 381).

The purpose of discovery is to "remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute." United States v. Chapman University, 245 F.R.D. 646, 648 (C.D. Cal. 2007) (quotation and citation omitted). Rule 26(b)(1) of the Federal Rules of Civil Procedure offers guidance on the scope of discovery permitted:

> Parties may obtain discovery regarding any nonprivileged information that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

"Relevance for purposes of discovery is defined very broadly." Garneau v. City of Seattle, 147 F.3d 802, 812 (9th Cir. 1998). "The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1). Thereafter, the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections." Bryant v. Ochoa, No. 07cv200 JM (PCL), 2009 WL 1390794, at *1 (S.D. Cal. May 14, 2009) (internal citation omitted).

**II.    Analysis**

**A.  Environmental Impact Report**

Plaintiff complains that defendant avoided providing him with a copy of an environmental impact report on MCSP. Plaintiff points to a letter from defendant's counsel, in response to a letter from plaintiff, that states that defendant "cannot produce what he does not have." (See Ex. 3 to Pl.'s Mot. (ECF No. 44 at 17).) While plaintiff has not provided the court with a copy of defendant's original discovery responses, it appears that in response to a request for a copy of the environmental impact report, defendant informed plaintiff that he does not have a copy of that report.

4

Plaintiff argues that letters he received after a request for the environmental impact report show that the MCSP litigation office had access to such a report. (See ECF No. 44 at 3.) The first letter, dated August 7, 2018, states that the "California Department of Corrections and Rehabilitation (CDCR) reviewed your request and have collected the 150 page Environmental Impact Report document, which is a total cost of $18.00." (Id. at 22.) The letter further states that because plaintiff's trust account did not have any funds, his request was denied until he could "provide a trust withdraw for $18.00." Plaintiff then sent a "Trust Account Withdrawal Form" requesting that $18.00 be charged to his account for the EPA report. (Id. at 25.) He received an identical letter, dated August 17, 2018, from the litigation office. (Id. at 27.) To the extent plaintiff is complaining about the litigation office's failure to provide a copy of the report at this time, the court notes that plaintiff fails to show that he had sufficient funds in his account to cover the costs of the report.

Plaintiff argues that this letter exchange shows that defendant had access to the environmental impact report. It does not. Defendant is not required to seek out documents responsive to plaintiff's requests that are not already in his possession, custody, or control. In any event, in his opposition to plaintiff's motion, defendant explains that the document referenced by the litigation office was not, in fact, an environmental impact report. Rather, it was an "Environmental Health Survey Report" dated October 2017. (ECF No. 49 at 2-3.) Even though it was not directly responsive to plaintiff's request, defendant provided plaintiff with a copy of that report on September 21, 2018. (Id.) Plaintiff has not filed anything indicating that he did not receive this document. Because plaintiff fails to show defendant has an environmental impact report, plaintiff's motion to compel defendant to provide such a report will be denied.

**B. Sample Testing**

Plaintiff also takes issue with defendant's refusal to test the sample materials he sent to defendant's counsel. Defendant has no obligation during the discovery process, or for that matter at any time absent a court order, to assist plaintiff in collecting evidence in support of his case. Cf. Washington v. Garrett, 10 F.3d 1421, 1437-38 (9th Cir. 1993) (upholding a ruling that

////

defendant "not required to create documents to satisfy [plaintiff's] discovery requests").
Plaintiff's request that defendant be ordered to test his sample will be denied.

## MOTION FOR FEE WAIVER[1]

In his third motion, plaintiff seeks a "fee waiver for my research into state agencys." (ECF No. 47.) Specifically, plaintiff points to a request he made to the California Inspector General for a copy of its "2016 Mule Creek State Prison Medical Inspection Results Cycle 4 report." In response, plaintiff received a letter informing him that the cost of the report is $12.00 and further informing him that he could read it for free on the Inspector General's website. (Ex. 2 to Pl.'s Mot. (ECF No. 47 at 6).) As plaintiff has been advised above, the court cannot pay for plaintiff's investigations. Further, the court lacks the power to "waive fees" imposed by the state Inspector General to provide plaintiff a report for free. Finally, the court notes that plaintiff makes no showing that this report is relevant to his case. Plaintiff's case involves the questions of whether he suffered harm from environmental toxins when he was incarcerated at MCSP and whether defendant was aware of the potential for harm to plaintiff and refused to take appropriate action. Plaintiff is not alleging that defendant provided inadequate medical care. Accordingly, the court will deny plaintiff's third motion as well.

For the foregoing reasons, IT IS HEREBY ORDERED as follows:

1. Plaintiff's August 21, 2018 motion for court-ordered testing (ECF No. 40) is denied;
2. Plaintiff's September 24, 2018 motion to compel (ECF No. 44) is denied; and
3. Plaintiff's October 2, 2018 motion for a fee waiver (ECF No. 47) is denied.

Dated: November 6, 2018

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB/prisoner-civil rights/deer1694.mtc

---

[1] This motion was incorrectly identified on the docket as a "Motion to Compel."

6