UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR RAY DEERE, Sr., | No. 2:16-cv-1694 DB P |
| Plaintiff, | |
| v. | ORDER |
| JOE LIZARRAGA, , | |
| Defendant. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action under 42 U.S.C. § 1983. Plaintiff alleges the air quality at Mule Creek State Prison ("MCSP") was so poor that it worsened his Chronic Obstructive Pulmonary Disease ("COPD") and his overall health. Before the court are plaintiff's motions to amend the complaint, for the preservation of evidence, and for the appointment of counsel and defendant's motion to extend the deadline for filing dispositive motions. For the reasons set out below, the court will deny the motions to amend, to preserve evidence, and for the appointment of counsel and grant the motion for an extension of time.

**BACKGROUND**

Plaintiff is currently incarcerated at the California Institution for Men. This case is proceeding on the Eighth Amendment claim in plaintiff's second amended complaint. (ECF No. 19.) Plaintiff alleges defendant Lizarraga, the warden at MCSP, was aware that plaintiff was a

high risk medical inmate with chronic COPD and emphysema but nonetheless exposed plaintiff to hazardous materials, including dust, pollens, and asbestos. Plaintiff alleges he suffered daily asthma attacks and constant stress that aggravated his heart condition and that his lung condition worsened. The court found these allegations sufficient to state a claim that defendant was deliberately indifferent to plaintiff's serious medical needs in violation of the Eighth Amendment. (See ECF No. 21.)

On February 28, 2018, defendant filed an answer. (ECF No. 28.) On March 1, the court issued a Discovery and Scheduling Order, which set deadlines of June 22, 2018 for discovery and September 14, 2018 for pretrial motions. (ECF No. 29.) On August 21, 2018, the court granted plaintiff's motion to re-open discovery and set new deadlines of October 8, 2018 for discovery and December 15, 2018 for pretrial motions. In addition, the court ordered defendants to respond to plaintiff's interrogatories. (ECF No. 39.)

On August 21, plaintiff filed a motion asking the court to have a sample of pollutants he submitted tested. (ECF No. 40). The court denied that motion. (ECF No. 50.) Plaintiff filed the present motions to amend and to preserve evidence on November 19. (ECF Nos. 53, 54.) Defendant opposes both motions. (ECF Nos. 55, 56.) On December 14, defendant moved for an extension of the deadline for filing dispositive motions. (ECF No. 57.) On December 26, plaintiff moved for the appointment of counsel. (ECF No. 58.)

**MOTION TO AMEND**

Plaintiff moves to amend the complaint to add the California Department of Corrections and Rehabilitation ("CDCR") and 99 unnamed "Doe" defendants. (ECF No. 53.) He contends that CDCR and many others were aware of airborne hazards at MCSP and did nothing to prevent prisoners' exposure to them.

**I.      Legal Standards**

The Federal Rules provide that leave to amend pleadings "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "[T]his policy is to be applied with extreme liberality." Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir.1990) (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir.1987)). However, the

Supreme Court has stated that a court may decline to grant leave for reasons that are apparent and stated on the record.  Foman v. Davis, 371 U.S. 178, 182 (1962).  Further, the court has "particularly broad" discretion where plaintiff has been granted leave to amend in the past.  Chodos v. West Publ'g Co., Inc., 292 F.3d 992, 1003 (9th Cir. 2002) (citing Griggs v. Pace Am. Group, Inc., 170 F.3d 877, 879 (9th Cir. 1999)).

The Ninth Circuit has interpreted the decision in Foman as identifying "four factors relevant to whether a motion for leave to amend the pleadings should be denied: undue delay, bad faith or dilatory motive, futility of amendment, and prejudice to the opposing party."  United States v. Webb, 655 F.2d 977, 980 (9th Cir. 1981).  The factors do not carry equal weight. "[D]elay alone no matter how lengthy is an insufficient ground for denial of leave to amend."  Id. "Prejudice to the opposing party is the most important factor."  Jackson v. Bank of Hawai'i, 902 F.2d 1385, 1387 (9th Cir. 1990).  "Absent prejudice, or a strong showing of any of the remaining Foman factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend."  Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

Futility of an amendment can, standing alone, justify denial of a request to file an amended pleading.  See Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995).  A proposed amendment is futile if it presents no set of facts that would, even if proven, constitute a valid claim.  See Miller v. Rykoff–Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988).  The standard for assessing whether a proposed amendment is futile is therefore the same as the standard imposed under Federal Rule of Civil Procedure 12(b)(6).  Id.  In that analysis, the court reviews the complaint for "facial plausibility."  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id.

Finally, any motion to amend the complaint must attach a copy of the amended complaint. E.D. Cal. R. 137(c).  That amended complaint must explain the new claims against the new defendants by  (a) identifying a person, (b) briefly describing what that person did or did not do, and (c) explaining why that person's conduct violated plaintiff's constitutional rights.

3

## II.     Analysis

Plaintiff contends CDCR and others were aware that airborne asbestos was a risk to prisoners at MCSP and failed to take appropriate precautions.  (ECF No. 53.)  Attached to plaintiff's motion are documents he received from the Amador County Air District.  Those documents show that from approximately 2014 through 2016 construction was conducted at MCSP.  As part of that construction, a plan to mitigate asbestos dust was implemented.  Plaintiff fails to explain why that mitigation plan was inadequate or how it shows that anyone failed to take reasonable precautions to prevent prisoners' exposure to asbestos dust.  Simply based on these documents, the court does not detect a cognizable claim under § 1983.

In any event, plaintiff's motion fails on other grounds.  First, to the extent plaintiff is attempting to add CDCR as a defendant, he may not do so.  The Eleventh Amendment bars suit against CDCR under § 1983.  See Pennhurst State Sch. & Hospital v. Halderman, 465 U.S. 89, 100 (1984).  Second, plaintiff fails to provide a copy of a third amended complaint as required by the Local Rules.  Third, plaintiff does not appear to identify potential defendants who would be subject to a § 1983 action.  Plaintiff is reminded that the Civil Rights Act under which this action was filed provides for suit only against a "person" acting "under color of" state law.  42 U.S.C. § 1983.  See also Chudacoff v. Univ. Med. Ctr. of S. Nev., 649 F.3d 1143, 1149-50 (9th Cir. 2011) (setting forth elements of a § 1983 claim and describing instances in which a private actor's conduct constitutes state action); Caviness v. Horizon Cmty. Learning Ctr., Inc., 590 F.3d 806, 812 (9th Cir. 2010) ("The state-action element in § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." (citation and internal quotation marks omitted)); Williams v. Anderson, No. CIV S-11-0431 JAM CMK P, 2011 WL 2610528, at *1 (E.D. Cal. Apr. 22, 2011) (an inmate is not a "state actor" for purposes of § 1983 unless he has conspired with state officials to deprive a plaintiff of his constitutional rights) (citing Price v. Hawaii, 939 F.2d 702, 707-08 (9th Cir. 1991) and Tower v. Glover, 467 U.S. 914, 920 (1984)), findings and recos. adopted, 2011 WL 2610397 (E.D. Cal. July 1, 2011).  Plaintiff identifies no state actors as potential defendants.  He simply surmises that state agencies and contractors may be involved.

Finally, there is no provision in the Federal Rules of Civil Procedure for including unnamed defendants, also called "Doe" defendants, in a complaint. The use of Does in pleading practice is generally disfavored – but it is not prohibited. See Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980); Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999); Lopes v. Viera, 543 F. Supp. 2d 1149, 1152 (E.D. Cal. 2008). However, plaintiff must allege facts showing when, where, and how each Doe defendant violated his constitutional rights. See Addis v. Ariz. Dept. of Corrs., No. CV14-1115-PHX-DGC, 2015 WL 875233, at *3 (D. Ariz. Mar. 2, 2015). Under § 1983, plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. See Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell, 436 U.S. at 691, 695.

Plaintiff fails to identify any specific action, or inaction, by any specific unnamed defendant. If he wishes to amend his complaint to allege claims against unnamed individuals, he must identify each individual (for example, by calling them Doe 1 and Doe 2) and explain what each one did. Further, plaintiff must make every effort to determine the identity of each defendant prior to seeking an amendment of the complaint.

For these reasons, plaintiff's motion to amend his complaint will be denied without prejudice to its renewal at a later date if plaintiff can resolve the problems with his current motion set out above.

**MOTION TO PRESERVE EVIDENCE**

In this filing, plaintiff states that in 2014 he saw several piles of a white substance near MCSP that he now believes was asbestos. (ECF NO. 54.) Plaintiff asks the court to order MCSP to preserve these piles so that they can be tested to provide evidence in this case. Plaintiff is advised that where, as here, the court has identified potential claims at issue, the parties have a duty to preserve evidence that they "know or reasonably should know is relevant to the action." In re Napster, Inc. Copyright Litig., 462 F.Supp.2d 1060, 1067 (N.D. Cal. 2006) (internal citations omitted); see also Alford v. Gyaami, No. 2:13-cv-2143 DAD P, 2014 WL 4988186, at *3 (E.D. Cal. Oct. 6, 2014) (same). No court order is required to trigger this duty. At this time,

plaintiff has not made a showing that a specific preservation order is warranted. Accordingly, the court will deny plaintiff's motion as unnecessary.

### MOTION FOR THE APPOINTMENT OF COUNSEL

Plaintiff seeks the appointment of counsel because he has been ill and does not have knowledge of the law. (ECF No. 58.)

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. <u>Mallard v. United States Dist. Court</u>, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36 (9th Cir. 1990). The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. <u>See</u> <u>Wilborn v. Escalderon</u>, 789 F.2d 1328, 1331 (9th Cir. 1986); <u>Weygandt v. Look</u>, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. In the present case, the court does not find the required exceptional circumstances.

### MOTION FOR EXTENSION OF DISPOSITIVE MOTION DEADLINE

Based on plaintiff's motion to amend the complaint, defendant seeks an extension of the deadline for filing dispositive motions. (ECF No. 57.) The court finds defendant has shown good cause for an extension of that deadline.

For the foregoing reasons, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion to amend (ECF No. 53) is denied without prejudice;

2. Plaintiff's motion to preserve evidence (ECF No. 54) is denied;

3. Plaintiff's motion for the appointment of counsel (ECF No. 58) is denied without prejudice; and

////

////

4. Defendant's motion for an extension of the deadline to file dispositive motions (ECF No. 57) is granted. By January 14, 2019, the parties shall file any dispositive motions, as described in the court's order filed March 1, 2018.

Dated: January 2, 2019

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB/prisoner-civil rights/deer1694.mta