UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR RAY DEERE, Sr., | No. 2:16-cv-1694 DB P |
| Plaintiff, | |
| v. | ORDER |
| JOE LIZARRAGA, | |
| Defendant. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action under 42 U.S.C. § 1983. On January 14, 2019, defendant filed a motion for summary judgment. (ECF No. 61.) One exhibit to that motion includes portions of plaintiff's deposition transcript. (ECF No. 61-3.) In his opposition, plaintiff complains that defendant did not provide him a copy of the entire deposition transcript.

There is no statutory requirement for the government to provide a litigant proceeding in forma pauperis with a copy of a deposition transcript. See 28 U.S.C. § 1915(d); see also Whittenberg v. Roll, No. 2:04–cv–2313 FCD JFM, 2006 WL 657381, at *5 (E.D. Cal. Mar. 15, 2006) (denying plaintiff's motion to compel defendant to provide him with a copy of the deposition transcript free of charge). Moreover, under Rule 30(f)(3) of the Federal Rules of Civil Procedure, the officer before whom a deposition is taken must provide a copy of the transcript to any party or to the deponent upon payment of reasonable charges therefor. Id. Thus, the court

1

will not order the court reporter, defense counsel, or the defendant to provide plaintiff with a copy of his deposition transcript without charge. Plaintiff must obtain the deposition transcript from the officer before whom the deposition was taken. See Boston v. Garcia, No. 2:10–cv–1782 KJM DAD, 2013 WL 1165062, at *2 (E.D. Cal. Mar. 20, 2013) (denying plaintiff's request for a court order directing the defendant to provide him with a copy of his deposition transcript).

Defendant's provision of a portion of the transcript as an exhibit to his motion complies with Local Rule 133(j). However, the court notes that it does not appear defendant has complied with all aspects of that rule. Pursuant to Rule 133(j), if a party relies upon a portion of a deposition transcript, counsel for that party must ensure that a courtesy copy of the entire deposition transcript is provided to chambers. This court has no record of having received that courtesy copy.

Accordingly, IT IS HEREBY ORDERED that within ten days of the date of this order, defendant's counsel shall provide the undersigned with a courtesy copy of the complete transcript of plaintiff's deposition pursuant to Local Rule 133(j).

Dated: March 20, 2019

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB/prisoner-civil rights/deer1694.depo