UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUER RAY DEERE, Sr., | No. 2:16-cv-1694 MCE DB P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| JOE LIZARRAGA, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se. On April 8, 2016, he filed this civil rights action under 42 U.S.C. § 1983. In a screening order filed March 28, 2017, this court dismissed plaintiff's claims against the Prison Law Office. (ECF No. 12.) This case then proceeded on plaintiff's claims in his second amended complaint against defendant Lizarraga. (See ECF No. 19.) On August 19, 2019, the court granted defendant's motion for summary judgment. (ECF No. 74.)

Plaintiff filed an appeal. The Court of Appeals vacated this court's order dismissing plaintiff's claims against the Prison Law Office based on its decision in Williams v. King, 875 F.3d 500, 503-04 (9th Cir. 2017). (ECF No. 79.)

In Williams, issued November 9, 2017, the Court of Appeals held that a magistrate judge lacked jurisdiction to dismiss a prisoner's case for failure to state a claim at the screening stage where the plaintiff had consented to magistrate judge jurisdiction and defendants had not yet been

1

served. Williams, 875 F.3d at 503-04. Specifically, the Ninth Circuit held that "28 U.S.C. § 636(c)(1) requires the consent of all plaintiffs and defendants named in the complaint—irrespective of service of process—before jurisdiction may vest in a magistrate judge to hear and decide a civil case that a district court would otherwise hear." Id. at 501.

Here, defendants were not served at the time this court issued its order dismissing plaintiff's claims against the Prison Law Office. Accordingly, the undersigned magistrate judge lacked jurisdiction to make that determination based solely on plaintiff's consent.

In light of the holding in Williams and the Court of Appeals' remand, this court will recommend to the assigned district judge that he dismiss plaintiff's claims against the Prison Law Office for the reasons set forth in the March 28, 2017 order.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's claims against the Prison Law Office be dismissed without leave to amend; and

2. Judgment be entered pursuant to the August 19, 2019 order.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within thirty days after being served with these findings and recommendations, either party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 5, 2020

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9/DLB1/prisoner-civil rights/deer1694.remand fr